```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


FEDERATED MUTUAL INSURANCE,   *
COMPANY,                      *
                              *
     Plaintiff,               *
                              *
                              *
vs.                           *   CIVIL ACTION 04-0591-P-B
                              *
VICTOR SCHILL, et al.,        *
                              *
     Defendants.              *
```

### REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), is before the Court on Defendants Victor Schill and Cynthia Schill's Motion to Dismiss (Doc. 5) and Defendant Abston Petroleum's Motion to Dismiss[1] (Doc. 25). After careful review of Defendants' Motions and supporting memorandums, Plaintiff Federated Mutual Insurance Company's responses in opposition, the arguments of the parties, and relevant case law, the undersigned recommends that Defendants' motions be denied, and that this action be stayed pending resolution of the

---

[1] Also pending before the Court is Plaintiff's Motion for Oral Argument (Doc. 33) The undersigned finds that additional oral argument is unnecessary in view of the fact that the issues have been fully briefed, that oral argument was previously conducted before Magistrate Judge Cassady in November 2004, and that the tape of the hearing is available to the undersigned. Accordingly, Plaintiff's motion is **DENIED**.

underlying state action.

## I.  Procedural History

Federated Mutual Insurance Company (Federated) filed the instant action on September 9, 2004, seeking declaratory relief pursuant to 28 U.S.C. §§ 1332, 2201 and 2202 against Victor and Cynthia Schill (hereinafter "the Schills")(Doc. 1).  Abston Petroleum, Inc. (hereinafter "Abston") was added as a defendant on January 12, 2005 (Doc. 21).  In its complaint, Federated seeks a declaration that there is no coverage for the damages suffered by the Schills under the policies of insurance Federated issued to Abston.  Secondly, Federated asserts that the Schills and Abston engaged in fraud in executing a consent judgment in the amount of $500,000, and that the Shills should be precluded from utilizing the consent judgement to execute or levy against the insurance policies issued by Federated.  (Doc. 1).

A short history of the underlying facts giving rise to this dispute is useful.  The Schills own a piece of property in Silas, Alabama, upon which they operated a hardware store, as well as several other workshops (Doc. 5).  Abston owns several underground gas storage tanks located on the Schills' property.  In 1999, Abston replaced the underground storage tanks with above ground storage tanks.  When the tanks were replaced, the fuel lines were not completely replaced with new lines, but

instead the old lines were spliced into new lines. As a result of the installation, three separate gas leaks, in 1999, 2000 and 2001, occurred on the Schills' property.

The Schills sued Abston in 2001 in the Chowtaw County Circuit Court for damage to their property. Abston, in turn, tendered the lawsuit to Federated, its insurance carrier, to defend. Federated refused to defend Abston, stating that an escape of a pollutant from any lines or tanks owned by Abston was not covered under the insurance policy (Doc. 5, exh. D). Following Federated's refusal to defend, Abston then sought leave to file a third party complaint in the <u>Victor M. Schill, et al. v. Eddie Abston, et al</u> proceeding. (Doc. 5, exh, A). In its third party complaint, Abston named Federated, the insurer of its commercial liability policies, and Keith Mills, the agent who sold Abston the policies, as defendants. Abston sought a declaratory judgment that Federated is obligated under the insurance policies to defend and indemnify Abston against the damage claims asserted by the Schills (Doc. 5, exh. A). Third party defendants Federated and Keith Mills sought to have the Abston complaint dismissed.

In an order dated October 9, 2004, the Circuit Court refused to dismiss the Abston complaint, but granted the motion to sever, and directed that "The claims asserted in the Third-party

complaint shall hereafter be treated as a separate action, and the Clerk shall create a separate file with a new civil action number", and the case shall be docketed as "Abston Petroleum, Inc. And Eddie Abston, Plaintiffs v. Federated Mutual Ins. Co. And Keith Mills, Defendants." (Doc. 5, exh. B).  The Schills then filed a complaint seeking to intervene in the severed case (Doc. 5, exh. C). In an order dated  November 4, 2004, the Court granted the Schills' Motion to Intervene (Doc. 11, exh. A).

In the <u>Victor M. Schill, et al. v. Eddie Abston, et al</u> proceeding,  the parties entered a consent judgment in favor of the Schills for $500,000.00 (Doc. 5, exh. C).  They also executed a separate agreement wherein they agreed to jointly pursue and prosecute the coverage claims against Federated, and further agreed to an 80/20 split of any recovery under the insurance policies with 80% going to the Schills, and 20% going to Abston. Shortly thereafter, the circuit court, on July 1, 2005, entered the parties' consent judgment, and dismissed the Schills' claims against Abston with prejudice (Doc. 10, exh. 1).  According to Federated, which had refused to defend Abston in the action, it did not receive notice of the consent judgment until 41 days after the judgment was entered by the circuit court.

On September 10, 2004, Federated filed the present action against the Schills seeking declaratory relief with this Court.

4

The Schills filed the pending motion to dismiss on October 1, 2004 (Doc. 5). As grounds for dismissal, the Schills contend that the Court lacks diversity jurisdiction because as an insurer, Federated takes on the residence of its insured, and that Abston as well as the Schills are residents of Alabama. The Schills also contend that Federated failed to join Abston, a necessary party, in the suit, and that even if this case is properly before this Court, the Court should exercise its discretion and defer to the pending state action which was filed first, and which involves the same coverage issues before this court[2]. In its motion to dismiss, Abston essentially raised and adopted the same arguments contained in the Schills' motion.

In Federated's response in opposition to Defendants' motion, Federated argues 1) that the Schills are not proper Plaintiffs in the pending state court action; 2) that diversity jurisdiction has been established, and 3) that the Schills and Abston engaged in collusive conduct in entering into the consent agreement such

---

[2]The Schills also filed three supplements to their motion to dismiss. In the first supplement, the Schills assert that in lieu of a garnishment action against Federated, a direct action would suffice, and that since the state action includes the Schills, Abston and Federated as parties, the federal suit should be dismissed (Doc. 7). In the second supplement, the Schills attached an order entered by the Choctaw County Circuit Court granting the Schills' Motion to Intervene in the Abston v. Federated action (Doc. 11). In their third supplement to the motion to dismiss, the Schills argue that the order granting the motion to intervene in the state court action essentially means that deemed their state complaint against Federated was pending before the filing of Federated's federal case.

5

that a federal forum is necessary so as to prevent further prejudice to Federated. Federated also argues that because the Schills' motion to intervene in the state case was filed after Federated's declaratory action was filed with this court, this court should retain jurisdiction because the matter was a proper federal suit first. Federated further notes that its motion requesting reconsideration of the Schills' motion to intervene is still pending before the state court[3].

## II. Analysis

This action is brought pursuant to the Declaratory Judgment Act. Under this Act, the Court has substantial discretion as to whether or not to entertain a declaratory judgment action. <u>Brillhart v. Excess Ins. Co. Of America</u>, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L.Ed. 1620 (1942). In <u>Brillhart</u>, the Supreme Court, held that "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, . . . it was under no compulsion to exercise that jurisdiction." <u>Id</u>. The Court further explained that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state

---

[3] The Schills filed a supplement on April 28, 2005, attached to which was the order from the Choctaw County Circuit Court denying Federated's motion for reconsideration (Doc. 31).

6

court presenting the same issues, not governed by federal law, between the same parties." Id. At 495, 62 S. Ct. At 1175-76. According to the Supreme Court, the question for a federal court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding in the state court." Id.  A district court "may properly refuse declaratory relief if the alternative remedy is better or more effective." Angora Enterprises, Inc. V. Condominium Assoc. Of Lakeside Village, 796 F. 2d 384, 388 (11th Cir. 1986).  Moreover, a district court may also refuse jurisdiction if "there is a pending action in which some of the questions posed by the declaratory action have or may be raised." Id.

Clearly, it is not necessary that the parties or issues in each case be identical in order for a federal court to decline to exercise its jurisdiction in favor of a state tribunal.  "The relevant determination is not whether the state court litigation involves the identical issues *in form* as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court." United States Fidelity & Guar. Co. v. Algernon-Blair, Inc., 705 F. Supp. 1507, 1514-15 (M.D. Ala. 1988)(emphasis in original).  "Exercise of federal jurisdiction

in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures on legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." Id. At 1514.

In undertaking this analysis, the federal court should look to the substance of the issues plead in the declaratory action to ascertain whether the issues will be resolved in the state court action. In explaining the analysis to be undertaken by the federal court, the Eleventh Circuit has stated:

> Although Fed.R.Civ.P. 57 specifically provides that the existence of "another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate," a court, "in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d, § 2758 at 621-23 (footnotes omitted). This is also true if there is a pending action in which some of the questions posed by the declaratory action have or may be raised. As Professors Wright, Miller and Kane have summarized:
>
>> Unnecessary interference with state court litigation should be avoided. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.
>
> Angora Enterprises, Inc. V. Condominium Association of

Lakeside Village, Inc., 796 F.2d 384, 387-88 (11th Cir. 1986)(citations omitted).

After reviewing the record before the Court and the pleadings filed by the parties, the undersigned concludes that this Court should stay further consideration of the issues raised in Federated's complaint.  As noted supra, there is currently pending in the Choctaw County Circuit Court an earlier filed case involving essentially the same parties and issues.  The threshold inquiry that is before this Court is the same issue that is before the state court, namely whether the insurance policies issued by Federated to Abston provide coverage for the losses sustained by the Schills.  This is a threshold inquiry in both cases, and it must be resolved before there is any consideration of the amount of damages actually sustained by the Schills, or the validity of the underlying consent judgment.  Moreover, it is clear that resolution of these issues will involve state, as opposed to federal, law.  Additionally, while Federated argues that the Schills are not proper parties in the Choctaw County court action, the state court has ruled otherwise, and the facts certainly suggest that they have a real stake in the outcome of the state action.

Against this backdrop of facts, which all weigh in favor of staying this action, Plaintiff has pointed to no facts that

9

suggest that allowing this parallel action to proceed will somehow promote judicial economy or the basic norms of federal and state comity.  Federated's assertion that it will be subjected to collusive conduct if this Court does not retain jurisdiction is wholly unsupported. The record is devoid of any facts from which it can be inferred that Federated cannot receive fair treatment in the state proceedings.  Accordingly, based on the record before the Court, the undersigned concludes that in order to prevent inconsistent rulings, and in the interest of the Court's judicial resources, this action should be stayed until resolution of <u>Abston Petroleum, Inc. And Eddie Abston, Plaintiffs v. Federated Mutual Ins. Co. and Keith Mills, Defendants,</u> which is currently pending in state court.  It is therefore recommended that Defendants' Motions to Dismiss be **DENIED**, and that this action be **STAYED** pending resolution of the litigation of the above-referenced action by a judgment, dismissal, settlement or otherwise.  It is further **RECOMMENDED** that the Clerk of Court be directed to close this case for statistical purposes only, and that Plaintiff be ordered to inform this Court in writing within two weeks following resolution of all pending state court claims. Thereafter, if appropriate, this Court may reinstate this case to the active docket of the Court upon receipt of Plaintiff's notice.

The attached sheet contains important information regarding

10

objections to the report and recommendation of the Magistrate Judge.

    DONE this **4**th day of **May, 2005.**

                                          <u>   s/Sonja F. Bivins   </u>
                                        UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.

Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **DONE** this the **4th** day of **May, 2005.**

                              s/Sonja F. Bivins
                              **UNITED STATES MAGISTRATE JUDGE**