IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 04-0591-P-B |
| VICTOR M. SCHILL and CYNTHIA SCHILL, ) ) | |
| Defendants. ) | |

ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 4, 2005, the Magistrate Judge issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), addressing Motions to Dismiss filed by defendants, Victor M., and Cynthia Schill (the "Schills") and Abston Petroleum, Inc. ("Abston") (docs.5, 25), in this declaratory judgment action brought under 28 U.S.C. §§ 2201-2202, by plaintiff Federated Mutual Insurance Company ("Federated") (doc.34). The Magistrate Judge recommends that defendants' Motions be denied and that this action be stayed pending resolution of *Abston Petroleum, Inc. and Eddie Abston, Plaintiffs v. Federated Mutual Ins. Co. and Keith Mills, Defendants, CV-03-110-C*, currently pending in the Circuit Court of Choctaw County, Alabama, relying for the most part on Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) (doc.34, p.10).

Pending before this court is Federated's Statement of Objection to Magistrate Judge's

Recommendation and Brief In Support thereof (docs.35-36), and the Schills' Response thereto (doc.37). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Recommendation of the Magistrate Judge is due to be adopted as the opinion of this court.

Federated objects to the following portions of the Magistrate Judge's Recommendation: 1) that this court should stay this action pending resolution of claims before the Circuit Court of Choctaw County; 2) that the Schills are proper parties to a pending action involving Federated in the Circuit Court; and 3) that the record contains insufficient evidence that Federated has suffered prejudice as a direct result of collusion between the Schills and Abston (doc.36).

With regard to the Stay, this court finds no error on the part of the Magistrate Judge. In Assurance Company of America v. Legendary Home Builders, Inc., 305 F.Supp.2d 1272 (S.D.Ala. (Jan.13, 2004)), this court noted that

> [u]nder [the Declaratory Judgment] Act, the Court has discretion whether to entertain a declaratory judgment action. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). In Brillhart, the Supreme Court, reversing the Court of Appeals, held that, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, ... it was under no compulsion to exercise that jurisdiction." Id. The Court further explained that, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495, 62 S.Ct. at 1175-76. According to the Supreme Court, the question for a federal court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id. A district court "may properly refuse declaratory relief if the alternative remedy is better or more effective." Angora Enterprises, Inc. v. Condominium Assoc. of Lakeside Village, 796 F.2d 384, 388 (11th Cir.1986). Moreover, a district court may also refuse jurisdiction if "there is a pending action in which some of the questions posed by the declaratory action have or

may be raised." Id.

It is not necessary that the parties or issues in each case be identical in order for a district court to decline jurisdiction in favor of a state tribunal. "[T]he relevant determination is not whether the state court litigation involves the identical issues *in form* as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court." United States Fidelity & Guar. Co. v. Algernon-Blair, Inc., 705 F.Supp. 1507, 1514-15 (M.D.Ala.1988) (emphasis in original). "Exercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures on legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." Id. at 1514.

In 1995, the United States Supreme Court reaffirmed its holding in Brillhart stating that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995). The Wilton Court held that district courts "have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings...." Id.

305 F.Supp.2d at 1276; Harbor Specialty Ins. Co. v. D.W. McMillan Trust, 2000 WL 726901, *3-4

(S.D. Ala. (May 19, 2000)) (emphasis in original).

In Wilton, 515 U.S. 277, the Supreme Court explained that

"[t]here is nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action.... By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.... In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration.

Id., at 288 (citation and footnote omitted); see Old Republic Union Insurance v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1260 (11th Cir. 1997). The Supreme Court noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any

reason, fails to resolve the matter in controversy." Id. at 288, n.2.  Federated's objection to a court-imposed Stay is OVERRULED.

With regard to Federated's objections to proceedings in the Circuit Court of Choctaw County, i.e., whether the Schills are proper parties, and as to the entry of the consent judgment, this court notices that in the well established spirit of judicial comity, this court will not review, revisit or interfere with decisions rendered in the State's Circuit Courts.  Further, "...judicial proceedings in any court of any... State... shall have the same full faith and credit in every court within the United States..." 28 U.S.C. § 1738; American Surety Co. v. Baldwin, 287 U.S. 156, 166 (1932); Harbuck v. Marsh Block & Company, 896 F.2d 1327, 1328-29 (11th Cir. 1990).  This court is not an appellate court for decisions rendered in Alabama's Circuit Courts.  Federated's objections are OVERRULED.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is hereby ADOPTED as the opinion of this court.

It is ORDERED that this action is hereby STAYED pending final resolution of Abston Petroleum, Inc. and Eddie Abston, Plaintiffs v. Federated Mutual Ins. Co. and Keith Mills, Defendants, CV-03-110-C, currently pending in the Circuit Court of Choctaw County, Alabama.

The Clerk is directed to close this file for statistical purposes only.  Abston is ORDERED to inform this court in writing within thirty days following final resolution of Abston Petroleum, Inc. and Eddie Abston, Plaintiffs v. Federated Mutual Ins. Co. and Keith Mills, Defendants, at which time the court will reopen this declaratory judgment action, if necessary.

DONE this 9th day of June, 2005.

    S/Virgil Pittman  
SENIOR UNITED STATES DISTRICT JUDGE